IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL K. GARCIA,

      Plaintiff,

v.                                            CASE NO. 1:10-cv-00079-MP-AK

KENNY ATKINSON,

      Defendant.

_____/

# O R D E R

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus filed
pursuant to 28 U.S.C. § 2241. The petition stems from Petitioner's 1999 convictions and
sentences for possession of a firearm by a convicted felon and possession of a stolen firearm.
*See United States v. Garcia*, Case. No. 1:98cr49-SPM, Doc. 68 (1/22/99). Petitioner sought
relief in the sentencing court under 28 U.S.C. § 2255; his motion was denied on the merits and
the Eleventh Circuit denied a certificate of appealability. *Id*. at 119, 121, 139.

Petitioner originally filed the instant petition in the Southern District of Florida, the
federal district that encompasses FCI Miami where Petitioner is presently incarcerated. The sole
ground for relief asserted in the petition is that the trial court erred in instructing the jury on the
prior-felony-conviction element of the felon-in-possession charge. Doc. 1. The Southern
District determined that the petition was, in substance, a motion pursuant to 28 U.S.C. § 2255,
although the court also determined that, as a § 2241 petition, Petitioner had failed to show that he
was entitled to relief under § 2241 by way of the § 2255 savings clause. Doc. 7 (report and
recommendation, citing *Wofford v. Scott*, 177 F.3rd 1236 (11th Cir. 1999)), Doc. 10 (order

adopting report and recommendation). Based on its determination that the petition should be characterized as a § 2255 motion, the court transferred the petition to this Court pursuant to 28 U.S.C. § 1631. *Id.*[1]

Petitioner styled the instant petition as a habeas corpus petition arising under § 2241, named his custodian as the respondent, in accordance with habeas corpus practice, and acknowledged that he had been denied relief under § 2255 in the sentencing court. Doc. 1. In his objections to the magistrate judge's recommendation to transfer the case to this Court, Petitioner objected to the court's characterization of the petition as a § 2255 motion and alleged that "§ 2255 is inadequate or ineffective to challenge legality of one's unconstitutional custody." Doc. 9. It thus seems clear that Petitioner intended to pursue his claim by way of a § 2241 habeas corpus petition, and not as a § 2255 motion, notwithstanding that he patently failed to satisfy the *Wofford* requirements for pursuing relief under § 2241, as the Southern District determined.

Because Petitioner is confined within the territorial jurisdiction of the Southern District of Florida, his § 2241 petition was properly filed in that district. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Having determined that the Petitioner was not entitled to relief on his claim under § 2241, it appears that the Southern District could have simply dismissed the petition, rather than construing it as a motion and transferring it to this Court. As the Seventh Circuit recently explained, "a § 2241 petition should not be re-characterized as a § 2255 motion because

---

[1]The Southern District's characterization of the petition as a § 2255 motion did not trigger the notice requirements of *Castro v. United States*, 540 U.S. 375 (2003), because the court recognized that Petitioner had previously filed a § 2255 motion in the sentencing court. *See Castro*, 540 U.S. at 383 (notice requirements apply "when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion.") (emphasis added).

courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law." *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009). In *Wyatt*, a petitioner who had been convicted in the Southern District of Illinois filed a § 2241 petition in the Western District of Texas, where he was incarcerated. The Texas district court determined that the petition did not satisfy the requirements for obtaining relief under § 2241 by way of the § 2255(e) savings clause. Although, as the Seventh Circuit noted, "[t]hat should have been the end of the matter," the Texas district court went on to construe the petition as a second or successive § 2255 motion and transferred it to the Seventh Circuit Court of Appeals for consideration as to whether the petitioner should be authorized to file a successive § 2255 motion. *Id*. The Court of Appeals found the re-characterization and transfer of the petition to be "unnecessary and likely improper," because the petitioner's decision to pursue relief under § 2241 was entitled to respect, and the Western District of Texas, where the petitioner was confined, was the only district where venue was proper under § 2241. *Id*. The Court determined that it was "pointless" to transfer the habeas petition back to the Texas district court where it had been "considered and dismissed" for failure to satisfy the savings clause requirements. The Court concluded that "[t]he matter is over, so we dismiss his petition." *Id*.

      For similar reasons, the Court finds that this case also must be dismissed. Crediting Petitioner's clear intent to file a habeas corpus petition under § 2241, *see* Docs. 1 and 9, venue is not proper in this Court. *Rumsfeld*, 542 U.S. at 443. Inasmuch as the Southern District of Florida determined that the petition failed to satisfy the *Wofford* requirements, there is no point in transferring the petition back to that court. *See Wyatt*, 574 F.3d at 460. There is also no basis for directing that the petition be re-filed as a motion in Petitioner's criminal case. Petitioner previously was denied collateral relief on the merits of his § 2255 motion, and therefore he is

barred from seeking such relief in the sentencing court absent prior certification from the

Eleventh Circuit.  28 U.S.C.  §§  2255(h), 2244(b)(3).  Petitioner does not allege that he has been

granted authorization by the Eleventh Circuit to file a second or successive motion to vacate.

Accordingly, it is

**ORDERED AND ADJUDGED:**

That this case is hereby **DISMISSED.**

**DONE AND ORDERED** this  _10th_  day of May, 2010

_s/Maurice M. Paul_

Maurice M. Paul, Senior District Judge